ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO ESJ TOWERS<br><br>Apelante<br><br>v.<br><br>VERDE LLC; GARDENIA HOTEL PARTNERS, LLC (ANTES VERDE HOTEL PARTNERS, LLC)<br><br>Apelados | KLAN202400854 | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm. CA2023CV01159<br><br>Sobre: DAÑOS Y OTROS |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 11 de marzo de 2025.

Comparece el Consejo de Titulares del condominio ESJ Towers ("Consejo de Titulares" o "Apelante") mediante *Recurso de Apelación* y solicita que revoquemos la *Sentencia* dictada el 19 de diciembre de 2023 y notificada el 2 de julio de 2024, por el Tribunal de Primera Instancia, Sala de Carolina ("TPI"). Mediante el referido dictamen, el TPI desestimó la causa de acción instada por el Apelante, por estar prescrita, al amparo del Art. 42 (c) de la antigua Ley de Condominios de 2003, 31 LPRA sec. 1293f.

Por los fundamentos que expondremos a continuación, se *Confirma* la *Sentencia* apelada.

## I.

El 19 de abril de 2023, el Consejo de Titulares presentó ante el TPI una *Demanda Jurada* sobre *injunction* preliminar y permanente, daños y perjuicios, y sentencia declaratoria en contra de Verde LLC ("Verde") y sucesora en derecho, Gardenia Partners LLC ("Gardenia" o "Apelada"). El Apelante alegó que, el 26 de enero de 2017, el entonces presidente de la Junta del condominio ESJ Towers, Keith St. Clair ("señor St. Clair"), suscribió un contrato, titulado "*Access and Use Agreement*" ("Contrato de

Acceso") con Verde, para darle acceso a la corporación a los predios del condominio ESJ Towers. El Consejo de Titulares reclamó que, el contrato de acceso únicamente fue firmado por el señor St. Clair, como presidente de la Junta y como presidente de Verde. Por consiguiente, el Consejo de Titulares sostuvo que el contrato era nulo e inefectivo, toda vez que el Reglamento del Condominio requería la firma de dos (2) miembros de la Junta.

Tras varias instancias procesales, el 4 de octubre de 2023, Gardenia instó una *Moción de Desestimación*, en la cual alegó que la causa de acción estaba prescrita. El 5 de octubre de 2024, el Consejo de Titulares presentó su *Moción en Oposición a Segunda Moción de Desestimación de Gardenia*.

El 6 de noviembre de 2023, el Consejo presentó una *Segunda Demanda Enmendada*, a los efectos de desistir *sub silentio* de la acción interdictal preliminar y de reclamación de daños y perjuicios. El Apelante mantuvo la causa de acción relacionada al *injunction* permanente y a la sentencia declaratoria, con la intención de impugnar el Contrato de Acceso. Además, incluyó una causa de acción adicional, con la intención de determinar si existía una relación contractual entre el Consejo y Gardenia y si se perfeccionó una servidumbre de acceso entre las propiedades.

Ante ello, el 30 de noviembre de 2023, Gardenia notificó una *Moción reiterando la Moción de Desestimación*. Atinente a la controversia ante nos, la Apelada arguyó que, la acción de nulidad estaba prescrita, ya que el Art. 65 de la Ley Núm. 129 de 16 de agosto de 2020, según enmendada, conocida como la "*Ley de Condominios de Puerto Rico*", 31 LPRA sec. 1923j, establecía un término de dos (2) años para impugnar las acciones de la Junta de Directores o el Consejo de Titulares. En la alternativa, Gardenia sostuvo que el Contrato de Acceso era uno anulable y no nulo *ab initio* porque trataba sobre un acuerdo comunitario que la Ley de Condominios permitía impugnar.

Por su parte, el 6 de diciembre de 2023, el Consejo de Titulares presentó su *Oposición a "Moción reiterando la Moción de Desestimación*

*[Sumac 45]"*. El Apelante adujo que, el Art. 65 de la Ley de Condominios, *supra*, no era aplicable al pleito de epígrafe porque el mismo no contemplaba la impugnación por parte del Consejo de Titulares, solo por los dueños de los apartamentos. De otro lado, señaló que, en nuestro ordenamiento, la acción para decretar la inexistencia de un contrato nunca prescribe. Como corolario, alegó que, el contrato en controversia era nulo por falta de consentimiento de los contratantes, el Consejo de Titulares.

Examinado el expediente y aquilatadas las posturas de las partes, el TPI declaró *Ha Lugar* la solicitud de desestimación instada por la Apelada, mediante *Sentencia* dictada el 20 de diciembre de 2023 y notificada el 2 de julio de 2024. Mediante el referido dictamen, el foro apelado determinó que, a pesar de que la Ley Núm. 103 de 5 de abril de 2003, según enmendada, conocida como la "*Ley de Condominios de Puerto Rico*", 31 LPRA sec. 1291 *et seq.*, vigente al momento de los hechos, no contemplaba un término para que el Consejo de Titulares impugnara las acciones de la Junta de Directores, el término de dos (2) años disponible para los titulares de los apartamentos aplicaba por analogía. Por todo lo cual, el foro de instancia concluyó que, la causa de acción estaba prescrita, ya que el Consejo de Titulares no impugnó el Contrato de Acceso de manera oportuna.

Inconforme, el 4 de enero de 2024, el Consejo de Titulares presentó una solicitud de reconsideración, la cual fue denegada el 30 de enero de 2024. Así las cosas, el 26 de febrero de 2024, el Consejo de Titulares acudió ante esta Curia mediante apelación, clasificada alfanuméricamente como KLAN202400174. No obstante, el 26 de abril de 2024, desestimamos el recurso, por falta de jurisdicción, toda vez que la *Sentencia* apelada no fue notificada a Verde, LLC.

Como resultado, el 2 de julio de 2024, la *Sentencia* fue notificada a todas las partes. El 17 de julio de 2024, el Apelante solicitó la reconsideración de la aludida *Sentencia.* Dicha reconsideración fue denegada por el foro de instancia, el 19 de agosto de 2024.

El 13 de septiembre de 2024, el Consejo de Titulares presentó ante el TPI una *Moción Sometiendo Resolución de DACo y Solicitando Relevo de Sentencia.* El Apelante solicitó el revelo de la *Sentencia,* tras notificar que el DACo, en un pleito independiente instado por varios titulares en contra del Consejo de Titulares, había declarado la nulidad del Contrato de Acceso, mediante dictamen emitido el 28 de agosto de 2024.

Por otra parte, el 18 de septiembre de 2024, el Consejo de Titulares presentó ante nos un *Recurso de Apelación.* La parte apelante realizó los siguientes señalamientos de errores:

> **Erró el TPI al expedir una Sentencia sin haber entrado para dirimir si existe una relación contractual o no entre la parte demandante y Gardenia Hotel Partners LLC por virtud de que el contrato de acceso en cuestión no aprovecha a un tercero que no adquirió los derechos bajo el mismo.**
>
> **Erró el TPI al expedir una Sentencia a pesar de que el contrato de acceso es nulo por falta de consentimiento del Consejo de Titulares por tener una causa ilícita.**
>
> **Erró el TPI al declarar Ha Lugar la moción de desestimación presentada por Gardenia al amparo del Artículo 42 de la Ley Número 103 de 5 de abril de 2003.**
>
> **Erró el TPI al expedir una Sentencia aplicando el Artículo 42 de la Ley Número 103 de 5 de abril de 2003 bajo la premisa de que hubo una ausencia de disposición legislativa sobre el término prescriptivo de la acción instada si fuera el contrato de acceso anulable, y no nulo *ab initio* cuando existe bajo el Art. 1253 del Código Civil de Puerto Rico, el término de prescripción de 4 años desde el momento de su consumación, no de su otorgamiento.**

Ese mismo día, la parte apelante presentó una solicitud para paralizar los procedimientos ante nos, hasta que el TPI atendiera la solicitud de relevo de sentencia. Ante ello, el 1 de octubre de 2024, ordenamos la paralización de los procedimientos y le concedimos a la parte apelada un término de treinta (30) días, contados a partir de la resolución de la referida solicitud, para presentar su alegato en oposición.

Conforme surge, el 2 de enero de 2025, el TPI declaró *No Ha Lugar* la solicitud de relevo de sentencia mediante *Resolución Final.* Así las cosas, el 24 de febrero de 2025, Gardenia presentó su alegato en oposición. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

Nuestro esquema procesal no exige requisitos complicados para la redacción de una acción judicial. *Rivera Candela v. Universal Insurance Company,* 2024 TSPR 99, 214 DPR ___ (2024); *León Torres v. Rivera Lebrón,* 204 DPR 20, 40 (2020). A esos fines, la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1, regula los elementos concernientes a las alegaciones, a saber: (1) una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y (2) una solicitud del remedio a que crea tener derecho. Podrán, también, ser solicitados remedios alternativos o de diversa naturaleza. 32 LPRA Ap. V, R. 6.1.

Basta redactar una información inicial escueta de los hechos pues las alegaciones serán ampliadas "como resultado de los procedimientos posteriores de descubrimiento de prueba". *Rivera Candela v. Universal Insurance Company, supra* (citando a J.A. Echevarría Vargas, *Procedimiento civil puertorriqueño*, 3a ed. rev., Bogotá, Ed. Nomos, S.A., 2023, pág. 92). Lo esencial es notificar a la parte adversa, a grandes rasgos, sobre cuáles son las reclamaciones en su contra para que pueda comparecer si así lo desea. *Torres, Torres v. Torres et al.,* 179 DPR 481, 501 (2010); *Sánchez v. Aut. de los Puertos,* 153 DPR 559, 569-570 (2001).

No obstante, cuando la reclamación judicial instada carezca de alegaciones específicas o suficientes, la parte adversa tiene el derecho de solicitar la desestimación a tenor con la Regla 10.2(5) de Procedimiento Civil, *supra,* 32 LPRA Ap. V, R. 10.2(5). Véase, también, *Eagle Security v. Efrón Dorado,* 211 DPR 70, 83 (2023). En específico, el precitado inciso reglamentario dispone que procede la desestimación por dejar de exponer una reclamación que justifique la concesión de un remedio. 32 LPRA Ap. V, R. 10.2(5). Ahora bien, como norma general, no procede la desestimación salvo se deduzca con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados

en apoyo a su reclamación. *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera*, 184 DPR 407, 423 (2012).

En estos casos, el tribunal tiene el deber de interpretar las alegaciones de manera conjunta y liberalmente a favor de la parte demandante para facilitar el amparo judicial. *Eagle Security v. Efrón Dorado, supra*, pág. 85. Particularmente le compete "ponderar si, a la luz de la situación más favorable al demandante y resolviendo toda duda a su favor, la demanda es suficiente para establecer una reclamación válida". Íd. Ello evita que un litigante quede privado de su día en corte, que es una medida procedente solo en casos extremos. *Costas Elena y otros v. Magic Sport Culinary Corp. y otros*, 213 DPR 523, 534 (2024); *Rosario v. Nationwide Mutual*, 158 DPR 775, 780 (2003).

Conviene señalar que, el Tribunal Supremo de Puerto Rico en *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 397 (2022), discute el examen aplicable a las mociones fundamentadas en la insuficiencia de las alegaciones:

> [A]l interpretar de manera conjunta las citadas Reglas 6.1 y 10.2, podemos colegir que cuando se pretende desestimar la totalidad de una demanda que solicita remedios alternativos, se debe examinar si las alegaciones sustentan la concesión de dichos remedios. Es decir, como las alegaciones pretenden bosquejar las distintas reclamaciones y proveer a cada una de ellas unos remedios, una moción de desestimación sobre la totalidad de la demanda debe mover la conciencia del juzgador a concluir que, si al dar por cierto las alegaciones bien hechas, no existe remedio al que la parte tenga derecho. El juzgador deberá auscultar, en ese sentido, si la parte demandante no tiene derecho alguno a que se ventile el pleito, ya sea al amparo del remedio principal o del alternativo.

Una vez el juzgador analice ponderadamente que, de manera principal o en la alternativa, no existe remedio alguno en derecho, se encontrará en posición para decidir si desestima total o parcialmente una demanda. *Comisión v. González Freyre et al.*, 211 DPR 579, 615 (2023). Si luego comprende que no se cumple con el estándar de plausibilidad, entonces debe desestimar la acción judicial, pues no puede permitir que proceda una demanda insuficiente bajo el pretexto de que se probarán las alegaciones conclusorias con el descubrimiento de prueba. *Costas Elena y otros v. Magic Sport Culinary Corp. y otros, supra,* pág. 534, citando a R. Hernández Colón,

*Práctica jurídica de Puerto Rico: derecho procesal civil,* 6.a ed., San Juan, Ed. LexisNexis, 2017, pág. 307. En cambio, si concluye que las alegaciones no cumplen con el estándar de suficiencia le corresponde denegar la petición de desestimación.

**-B-**

El régimen de propiedad horizontal se ideó en nuestro ordenamiento como el establecimiento de múltiples estructuras jurídicas en una sola estructura física. Es decir, donde antes sólo cabía un dominio, ahora coexisten varios. *Serrano Muñoz v. Auxilio Mutuo,* 171 DPR 717, 757 (2007).

La Ley Núm. 103 de 5 de abril de 2003, según enmendada, conocida como la *Ley de Condominios de Puerto Rico,* 31 LPRA sec. 1291 *et seq.,* vigente al momento de los hechos, regula los mecanismos requeridos para la tramitación de controversias que emergen dentro de la convivencia en una comunidad bajo el régimen de propiedad horizontal. *Consejo de Titulares v. Gómez Estremera,* 184 DPR 407, 417 (2012).

A esos efectos, el Art. 42 (c) de la Ley de Condominios, 31 LPRA sec. 1293f, establece el procedimiento para impugnar los acuerdos efectuados por el Consejo de Titulares o la Junta de Directores. Particularmente, al precitado artículo dispone lo siguiente:

> Los acuerdos del Consejo de Titulares y las determinaciones, omisiones o actuaciones del Director o de la Junta de Directores, del titular que somete el inmueble al régimen que establece esta Ley [...] serán impugnables ante el Tribunal de Primera Instancia **por cualquier titular** que estimase que el acuerdo, determinación, omisión o actuación en cuestión es gravemente perjudicial para él o para la comunidad de titulares o es contrario a la ley, a la escritura de constitución o al Reglamento a que hace referencia el Articulo 36. Las impugnaciones por los titulares de apartamientos destinados a viviendas se presentarán ante el Departamento de Asuntos del Consumidor.
>
> [...]
>
> (c) La acción de impugnación de acuerdos, acciones u omisiones de la Junta de Directores, del Consejo de Titulares, con excepción de los realizados por el titular que somete el inmueble al régimen, que violen las disposiciones de esta Ley, de la escritura matriz o del Reglamento del condominio, **prescribirá a los dos (2) años de haberse notificado el acuerdo, tomado la acción o de conocerse la omisión.** Para los titulares que impugnen este tipo de acuerdo del Consejo de Titulares, el término se computará a partir de la notificación del mismo, siempre y cuando cumplan con los requisitos establecidos en el párrafo siguiente. *Íd.*

(Énfasis suplido)

Nuestro más Alto Foro ha expresado que, "[e]l Art. 42(c) establece un término prescriptivo de dos años para la impugnación de los acuerdos u omisiones de la Junta de Directores o del Consejo de Titulares por razón de violación a la Ley de Condominios, al reglamento de la comunidad o a la escritura matriz". *Rivera et al. v. Villafañe González,* 186 DPR 311, 327-328 (2012). El propósito de dicho término "responde a la necesidad de estabilizar el régimen de propiedad horizontal y evitar el proceder arbitrario de los titulares contra los acuerdos, omisiones y acciones realizadas". *Íd.* Cónsono con lo anterior, el Tribunal Supremo ha expresado lo siguiente:

> ¿[S]i por largos años nadie ha tomado acción ante determinado cambio evidente, no es de presumir que a la larga todos han aceptado la alteración? **No se trata aquí de convalidar por el transcurso del tiempo actuaciones o acuerdos que la ley no permite, no si quiera mediando consentimiento unánime. Este nuevo término de prescripción de las acciones, le impone a los titulares la responsabilidad de actuar diligentemente en la defensa de su propiedad, porque de lo contrario se interpretará que consintieron al cambio.** *Pereira Suárez v. Jta. Dir. Cond.*, 182 DPR 485, 500 (2011), citando a M.J. Godreau, La Nueva Ley de Condominios, 2da ed., San Juan, Ed. Dictum, 2003, págs. 29-30.

(Énfasis suplido)

Aún más, "el titular que desee impugnar un acuerdo deberá ser diligente en procurar su derecho. Tendrá la obligación de ejercerlo o reclamarlo dentro del término de dos años que dispone el Art. 42(c)[...] cuando se trate de acuerdos permitidos por la ley. **Para ello es irrelevante si se requiere unanimidad o no**". (Énfasis suplido). *Rivera et al. v. Villafañe González, supra,* pág. 330.

Sin embargo, nuestra más Alta Curia ha enfatizado que, el término de dos (2) años no aplicará ante una actuación nula, no meramente anulable. *Pereira Suárez v. Jta. Dir. Cond.,* supra, pág. 502.

**III.**

Mediante el segundo señalamiento de error, Gardenia aduce que el Contrato de Acceso es nulo, por no contar con el consentimiento unánime del Consejo de Titulares y por contener una causa ilícita. Particularmente, sostiene que, la cesión de derechos sobre los elementos comunes de un condominio requiere el consentimiento unánime de los titulares. De igual

modo, arguye que, conforme a la escritura matriz del condominio, el camino de entrada y salida es un elemento común. Por consiguiente, deduce que, el señor Keith St. Clair venía obligado a obtener el consentimiento unánime del Consejo de Titulares, previo a otorgar el Contrato de Acceso. Así dispuesto, el Apelante razona que el Contrato de Acceso contiene una causa ilícita, por adolecer del consentimiento de los contratantes. No le asiste la razón. Veamos.

En nuestro ordenamiento, la cesión de derechos sobre los elementos comunes de un condominio requiere el acuerdo unánime de los titulares. *Rivera Rodríguez v. Junta Dir. I y II*, 173 DPR 475 (2008). No obstante, nuestro más Alto Foro ha enfatizado que, un acuerdo suscrito sin mediar consentimiento unánime constituye un contrato anulable, no nulo. *Rivera et al. v. Villafañe González, supra.* Ante ello, el Art. 42 (c) de la Ley de Condominios de 2003, *supra,* expresamente impone un término prescriptivo de dos (2) años para presentar la acción impugnatoria. Al amparo del derecho aplicable, resulta forzoso concluir que estamos ante un contrato anulable al que le aplica el término prescriptivo dispuesto en el precitado artículo.

Por estar intrínsicamente relacionados, discutiremos los errores tercero y cuarto de manera conjunta. En síntesis, el Consejo de Titulares aduce que el foro primario incidió al determinar que la reclamación de epígrafe estaba prescrita, en virtud del Art. 42 (c) de la Ley de Condominios de 2003, *supra.* El Apelante arguye que, el aludido artículo no es de aplicación al caso de autos debido a que la impugnación no fue instada por los titulares del condominio, sino por el Consejo de Titulares en contra de un tercero. Por el contrario, sostiene que, al contrato ser uno nulo *ab initio,* su impugnación no prescribe. No le asiste la razón. Explicamos.

Ante la falta de disposición expresa sobre el término disponible para que el Consejo de Titulares pueda impugnar las acciones realizadas por la Junta de Directores, el foro primario determinó que el antiguo Art. 42 (c) de la Ley de Condominios de 2003, *supra,* aplicaba de manera análoga. En

específico, concluyó que, si el artículo le es aplicable a los titulares, también le es de aplicación al Consejo de Titulares porque que está compuesto por los propios titulares.

Al respecto, el precitado artículo esboza que, los acuerdos del Consejo de Titulares y las determinaciones, omisiones o actuaciones de la Junta de Directores serán impugnables por cualquier titular. Si bien es cierto que el Art. 42 de la Ley de Condominios de 2003, *supra*, no contempla la posibilidad de que el Consejo de Titulares impugne sus propias determinaciones o las de la Junta de Directores, tampoco lo impide. El único requisito para presentar la acción de impugnación, al amparo de la Ley de Condominios, *supra*, es ser un titular. En el caso de marras, no existe controversia respecto al hecho que el Consejo de Titulares es un organismo administrativo compuesto, exclusivamente, por los titulares de ESJ Towers. En otras palabras, al Consejo de Titulares acudir ante el Tribunal, en representación de todos los titulares, le es de aplicación el artículo en controversia.

Ahora bien, según puntualiza el TPI en la *Sentencia* apelada, la actual presidenta de la Junta de Directores, Chana Cohen, presentó una querella ante el DACo el 23 de mayo de 2019, mediante la cual solicitó la nulidad del Contrato de Acceso. Por consiguiente, el foro de instancia expresó que, era razonable colegir que, desde esa fecha, los titulares advinieron en conocimiento de la existencia del acuerdo. Como resultado, los titulares tenían hasta el 23 de mayo de 2021, para presentar cualquier acción de impugnación. No obstante, no fue hasta el 19 de abril de 2023 que el Consejo de Titulares acudió ante el TPI para impugnar el acuerdo suscrito en el 2017.

La intención legislativa fue clara al establecer que la imposición del término prescriptivo de dos (2) años respondía a la necesidad de estabilizar el régimen de propiedad horizontal y evitar el proceder arbitrario de los titulares contra los acuerdos, omisiones y acciones realizadas. *Rivera et al. v. Villafañe González, supra.* Resulta contrario a la intención legislativa

permitir que los titulares puedan impugnar, a perpetuidad, cualquier acuerdo tomado por la Junta de Directores o el Consejo de Titulares bajo el fundamento de que no contó con aprobación unánime. Por todo lo cual, somos del criterio que el foro de instancia no erró al concluir que la acción de impugnación estaba prescrita, en virtud del Art. 42 (c) de la Ley de Condominios de 2003, *supra.*

Conforme a lo aquí resuelto, no nos corresponde la discusión del primer error señalado. De tal modo que, el foro de instancia no tenía que entrar a dirimir si entre Gardenia y el Consejo de Titulares existía una relación contractual.

**IV.**

Por los fundamentos que anteceden, se *Confirma* la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones